```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

JOAO B. ANDRADE and                 :   BK No. 10-10444
EMILIA F. ANDRADE                         Chapter 13
          Debtors

- - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER

APPEARANCES:

    John Boyajian, Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

    George J. Lough, III
    The Law Offices of Honoria DaSilva-Kilgore, P.C.
    2 Richard Street
    Raynham, Massachusetts 02767

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-10444

Heard on the Trustee's Objections to: (1) the Debtors' exemption claims, and (2) Confirmation of the Chapter 13 Plan. The Court heard oral arguments, and the parties submitted memoranda of law. There are no disputed issues of fact.

## BACKGROUND AND FACTS

The Debtors filed a joint Chapter 13 petition, and based upon their Statement of Current Monthly Income, they are classified as "below median income debtors" under 11 U.S.C. §§ 101(10A)(A)(I), which requires a 36 month plan and commitment period under 11 U.S.C. §§ 1325(b)(2) and(b)(4).[1] The Plan calls for payments of $716.00 per month for 60 months, providing a dividend to unsecured creditors of 26.77%. As "below median income debtors," the Andrades' disposable income and resulting plan payments are determined according to 11 U.S.C. § 1325(b)(2), based upon the income and expenses listed on their Schedules I and J.

When this case was filed, the Debtors had not filed their 2009 income tax returns, but they anticipated federal and state tax

---

[1] The Debtors' Liquidation Analysis indicates that $38,620 would be available for distribution to unsecured creditors if the case had been filed under Chapter 7. Because these Debtors do not generate sufficient disposable income to satisfy the Liquidation Analysis within 36 months, they have proposed a 60 month plan.

1

BK No. 10-10444

refunds in the amount of $3,000. They also claim a $3,000 § 522(d)(5) wild-card exemption.[2]

In their joint tax return filed on March 26, 2010, the Debtors claimed a federal tax refund of $4,205 and a state refund in the amount of $419. The total tax refund exceeds the amount claimed as exempt, by $1,615.oh

The Trustee argues: (1) that the refunds should be included within the Debtors' projected disposable income, pursuant to 11 U.S.C. §§ 1306 and 1325(b)(2); or (2) that, in any event, the Debtors have not shown that said refunds are necessary for their maintenance and support, per 11 U.S.C. § 1325(b)(2)(A)(I).

Conversely, the Debtors contend that the tax refunds are prepetition assets of the bankruptcy estate that have been properly claimed as exempt pursuant to 11 U.S.C. § 522(d)(5), that as such they are not disposable income, and should not be included in the § 1325(b) analysis to determine disposable income. Alternatively, the Debtors argue that if it is determined that the tax refunds are not exempt and should be included per the disposable income analysis, the refunds are reasonably necessary for their

---

[2] Under 11 U.S.C. § 522(d)(5), each debtor may exempt up to $11,200 of his/her interest in any property – in this case, $22,400. The Debtors applied the balance of the wild-card exemption to protect equity in real property, various bank accounts, tools, and a motor vehicle that have an aggregate estimated value of $19,400.

BK No. 10-10444

maintenance and support, and should not be counted as disposable income. The Debtors offered no evidence on that issue.

## DISCUSSION

Regarding the first question – may the Debtors claim the tax refunds as exempt?  The Trustee provides no reason or argument as to why the claimed exemption is not valid, and focuses only on how the asset should be treated in the § 1325(b) analysis.  "In a proceeding on an objection to exemption, the objecting party has the burden of proof."[3]  *See Gourdin v. Agin* (*In re Gourdin*), 431 B.R. 885, 891 (B.A.P. 1st Cir. 2010).  The Debtors have clearly made a *prima facie* case, or at least established a rebuttable presumption in support of their position that the refund is a prepetition asset that was properly claimed as exempt pursuant to 11 U.S.C. § 522(d)(5). Since the Trustee has failed to even address his burden to show why the funds in question may not be claimed as exempt, I conclude that the objection to the claimed exemption should be, and is **OVERRULED**.[4]

---

[3] Fed. R. Bankr. P. 4003(c) states:

> Burden of Proof.  In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections.  Fed. R. Bankr. P. 4003(c).

[4] Because of the larger than expected tax refund, the remaining non-exempt $1,615 should probably be included in an amended Chapter 7 liquidation analysis, pursuant to § 1325(a)(4).

BK No. 10-10444

The next question is whether the refunds should be included as disposable income under the § 1325(b) analysis. While there is a split of authority, most courts addressing this issue are saying that exempt property should be included as disposable income. *In re Launza*, 337 B.R. 286, 289 (Bankr. N.D. Tex. 2005). *See Stuart v. Koch* (*In re Koch*), 109 F.3d 1285, 1289 (8th Cir. 1997); *Freeman v. Schulman* (*In re Freeman*), 86 F.3d 478, 481 (6th Cir. 1996); *In re Minor*, 177 B.R. 576, 580-81 (Bankr. E.D. Tenn. 1995).

The majority view is usually two pronged. First, in comparing Section 1325(b) and Section 522(c),[5] those courts hold that "a plain reading of § 1325(b) does not lead to the conclusion that disposable income is limited by § 522(c)," *Launza*, 337 B.R. at 291, and they also reason that Section 1325(b) does not classify income by reference to its exempt status. "The plain language of the statute makes no express or implied reference to the exempt status of income. . . ." *In re Freeman,* 86 F.3d at 479. *See also In re Tolliver*, 257 B.R. 98, 100 (Bankr. M.D. Fla. 2000). These courts explain that "the only limitation on disposable income is when the income is needed for the debtor's (or his dependants') maintenance or support." *Launza*, 337 B.R. at 290. *See also In re Koch*, 109

---

[5] 11 U.S.C. § 522(c):

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case . . .

4

BK No. 10-10444

F.3d at 1289. While this Court is not unmindful of the appellate pitfalls when trial courts place substantial weight on *policy* considerations, I will note that the courts referenced herein have done so, apparently unscathed, when they considered the diminished significance of exemptions in Chapter 13, and the unfairness of allowing debtors to retain exempt income while receiving the more generous Chapter 13 discharge. *Stuart v. Koch*, 109 F.3d at 1289 ("Exemptions are less significant in protecting Chapter 13 debtors"). *See also In re Tolliver*, 257 B.R. 98, 100 (Bankr. M.D. Fla. 2000). The *Launza* court, quoting the Eighth Circuit from *In re Koch*, explained

> "In a Chapter 13 proceeding . . . [the] debtor repays unsecured creditors primarily with post-petition disposable income, income that is not reasonably necessary for support. Debtor's fresh start is not endangered by a requirement that income received during the life of the plan from otherwise exempt sources be included in the calculation of disposable income." *Launza*, 337 B.R. at 291 (citing *In re Koch*, 109 F.3d at 1289).

The majority's second prong is that the expanded discharge provisions in Chapter 13 require a broader reading of disposable income – one which includes exempt income. *Id*. at 291. *See also In re Schnabel*, 153 B.R. 809, 817-818 (Bankr. N.D. Ill. 1993); *In re Minor,* 177 B.R. 576, 580-581 (Bankr. E.D. Tenn. 1995).

The minority position is that a plain reading of § 522(c) dictates, by definition, that exempt property *cannot* be disposable income. *See In re Feretti*, 203 B.R. 796, 800 (Bankr. S.D. Fla. 1996) ("To include exempt property within the parameters of 11

5

BK No. 10-10444

U.S.C. § 1325(b)(2) directly conflicts with § 522(c)."); *In re Tomasso*, 98 B.R. 513 (Bankr. S.D. Ca. 1989)(Only the non-exempt portion of a personal injury settlement constitutes disposable income). *Ferretti* adopts the position that Section 522(c) "essentially immunizes exempt property against any liability for pre-petition debts." *Id*. at 800 (citing to *In re Reed*, 184 B.R. 733, 738 (Bankr. W.D. Tex. 1995)). For courts applying the minority view, once it is determined that the property is exempt, the disposable income analysis ends. In the instant case, the Debtors have not specifically mentioned Section 522(c) in support of their argument that exempt income should not be included in the disposable income analysis, but they do adopt the results in *Ferretti* and *Tomasso*.

Upon consideration of both sides of the exempt/disposable income issue, I favor the reasoning of the majority, and hold that although the tax refunds in question are exempt, they may be included as disposable income under Section 1325(b).[6]

Finally, we reach the question – are the tax refunds in question reasonably necessary for the maintenance and support of

---

[6] Although the decisions followed and adopted in this decision are pre-BAPCPA cases, since the Andrades are below median income debtors, their disposable income is determined according to 11 U.S.C. § 1325(b)(2)(A), and the information in their Schedules I and J. Therefore, because courts are still required to make the factual determination whether certain expenses are reasonably necessary for the maintenance and support of the Debtors, I hold that the pre-BAPCPA case law on this issue is likewise applicable to the facts of this post-BAPCPA case.

6

the Debtors?  "The purpose of Chapter 13 of the Bankruptcy Code is to provide the maximum recovery to the creditors while at the same time leaving the debtor sufficient money to pay for his or her basic living expenses."  *In re Freeman*, 86 F.3d at 479.  *See also In re Minor*, 177 B.R. at 581; See also *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997) ("[E]xempt income not reasonably needed for support then becomes 'disposable income' that must be paid to creditors").

"Because 11 U.S.C. § 1325(b) expressly limits the expense portion of the means test to above median income debtors and otherwise uses the same phrase to describe permissible maintenance and support that existed prior to BAPCPA, many courts have concluded that BAPCPA did not change the standard as applied to below median income debtors." *In re Turner*, 2010 WL 2509966 *3 (Bankr. D. Mass. 2010).

This Court, as well, is comfortable using the pre-BAPCPA standard, on a case by case basis.  Typically, courts have construed the "reasonably necessary" language in Section 1325(b) "as a standard of adequacy, supporting basic needs and not related to the lifestyle to which one was accustomed."  *Id*. at *3.  It is also the debtor's burden to show that expenses for maintenance and support are reasonably necessary.  *Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 8 (1st Cir. 2005).  In the instant case the

7

BK No. 10-10444

Debtors assert, through counsel, that they intend to use the refund money to make repairs to their home and to replace a vehicle that was damaged in a prepetition accident. The Trustee argues, correctly, that the Debtors have not *shown, either through evidence or by affidavit,* that the tax refunds are necessary for their maintenance and support, and his objection on that ground is **SUSTAINED**.

Accordingly, the Debtors are **ORDERED**: (1) to file an Amended Plan in conformity with these rulings; and (2) to turn over their 2009 Federal and State income tax refunds, as well as all future refunds accumulated during the 60 month term of the Plan, to the Chapter 13 Trustee. The alternative to compliance with this Decision, is conversion to Chapter 7, without need for further hearing.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 16th day of March, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 3/16/11